IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHAD J. JOHNSTON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | CV 15-00029-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Chad Johnston's Motion to Proceed in Forma Pauperis (Doc. 1) and proposed Complaint. (Doc. 2.) As this matter is frivolous, the motion to proceed in forma pauperis should be denied and the case dismissed.

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Johnston's claims are frivolous. As Johnston is a prisoner proceeding in

1

forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Johnston alleges that Montana State District Judge Dechamps gave him an illegal sentence on February 9, 2011 which denied him credit for 1,027 days served. He contends this made him ineligible for parole until he was granted credit for time served by the Montana Supreme Court. *See Johnston v. Kirkegard*, OP-12-0741 (Mont. S.Ct. February 6, 2013)(denying Johnston's challenges to the orders of revocation of his criminal sentences but granting him 933 days of credit for time served). He seeks monetary damages for the 848 days he was made to serve as ineligible for parole due to what he characterizes as a "deliberately imposed illegal sentence." (Complaint, Doc. 2 at 5-7.)

2

Johnston's claims are frivolous because he cannot name a non-immune defendant responsible for his alleged injuries. The only defendant Johnston named in this action is the State of Montana which is immune from suit in federal court. The Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity for money damages absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity for tort claims brought in state court but not in federal court. Mont. Code Ann. § 2-9-101 et seq.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Johnston, however, has not brought a claim for prospective, declaratory, or injunctive relief. His sentence has already been corrected.

Although the initial screening statutes, 28 U.S.C. §§ 1915, 1915A, require the dismissal of frivolous claims, they do not deprive the district court of its

3

discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). But the court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As stated, Johnston has not named a proper defendant in his Complaint and while the Court could grant leave to amend to name a different defendant, the Court cannot conceive of a proper defendant who is not entitled to immunity. The only other possible defendant would be Judge Deschamps, who pronounced the sentence at issue. But Judge Deschamps is entitled to judicial immunity. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Judge Deschamps' rulings and sentencing of Johnston are "unquestionably [ ] judicial acts." *See Simmons*, 318 F.3d at 1161; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judge Deschamps is entitled to judicial immunity from suit.

There would be no other defendant potentially liable for the alleged illegal sentence. As such, Johnston's claims are frivolous and the motion to proceed in

4

forma pauperis should be denied.

While the Court could give Johnston additional time to pay the filing fee, his claims are frivolous, therefore it would be futile to do so.

## "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. §1915(g).

Johnston's claims are barred by the Eleventh Amendment and by judicial immunity. The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

## Address Change

At all times during the pendency of this action, Johnston shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. Johnston's Motion to Proceed in Forma Pauperis (Doc. 1) should be

**DENIED** because Johnston's Complaint (Doc. 2) is frivolous.  The Court should also decline to give Johnston an opportunity to pay the filing fee because the defects with his Complaint cannot be cured.  The Complaint should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Johnston's claims are frivolous.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Johnston may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 24th day of March, 2015.

                                                */s/ Jeremiah C. Lynch*
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge