

FILED

JUN 03 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHAD J. JOHNSTON, | CV 15–29–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Defendant. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on March 24, 2015. Johnston objected to the Findings and Recommendation on April 6, 2015, and so the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full. Since the parties are familiar with the facts of this case, they will only be repeated below as necessary to explain the Court's order.

Johnston filed his Complaint against the State of Montana alleging that

1

Montana State District Judge Dechamps game him an illegal sentence on February 9, 2011. Johnston seeks damages for the 848 days he served as ineligible for parole. Judge Lynch found that the State of Montana was immune from suit under the Eleventh Amendment and that Johnston could not name a proper defendant as Judge Deschamps would be entitled to judicial immunity.

Johnston objects that his Complaint is not frivolous, restating his allegations that his sentence was deliberately imposed illegally. He further requests that the Court remand his case, stating that the only responsible defendant is the State of Montana. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Eleventh Amendment bars suit against a state for money damages in federal court, absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997). It is clear that in this case the State of Montana is immune from suit in federal court under the Eleventh Amendment. Even if Johnston were to amend his Complaint, there is no conceivable defendant who would not be entitled to immunity. Therefore, Johnston's Complaint lacks an arguable basis in law and is frivolous. Remand is not the appropriate remedy.

Johnston also objects to Judge Lynch's recommendation that this Court

deny his motion to proceed in forma pauperis and decline to give Johnston an opportunity to pay the filing fee. As stated, the Court finds Johnston's Complaint frivolous and the defects unable to be cured. As such, this Court denies Johnston's motion to proceed in forma pauperis and declines to give him an opportunity to pay the filing fee. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Johnston has also filed a motion for abeyance, requesting this Court to grant an abeyance in this case until a ruling from the Montana Supreme Court can be attained. (Doc. 7.) The Montana Supreme Court has already denied Johnston's challenges to the order of revocation of his criminal sentences but granted him 933 days of credit for time served. *Johnston v. Kirkegard*, OP-12-0741 (Mont. S.Ct. February 6, 2013). There is no potential ruling from the Montana Supreme Court that would cure the defects in Johnston's Complaint as stated above.

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 5) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff's motion to proceed in forma pauperis (Doc. 1) is DENIED as his Complaint is frivolous.

IT IS FURTHER ORDERED that Plaintiff's motion for abeyance (Doc. 7) is DENIED. Plaintiff's Complaint (Doc. 2) is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this mater and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff's claims are frivolous.

DATED this __3rd__ day of June, 2015.

Dana L. Christensen, Chief Judge
United States District Court